RECEIVED IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2005 OCT 11  A 10: 24

HORACE BEAGLES,
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA
      Plaintiff,

v.                                           CIVIL ACTION NO.: 1:05-CV-0969-B

AUTO-OWNERS INSURANCE
COMPANY,

      Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Auto-Owners Insurance Company (Auto-Owners) hereby gives notice of removal of this action from the Circuit Court of Geneva County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for this removal, Auto-Owners states as follows:

1.      On or about July 1, 2005, Plaintiff, Horace Beagles, commenced an action in the Circuit Court of Geneva County, Alabama, entitled Horace Beagles v. Auto-Owners Insurance, et als., Civil Action No.: CV-05-96. Service on Defendant by certified mail of a summons and the complaint was issued by the Circuit Court of Geneva County, Alabama, on or about July 26, 2005.

2.      True and correct copies of all process, pleadings and orders served in this action and contained in the file of the Circuit Court of Geneva County, Alabama in said action are attached hereto as Exhibit "1". Attached hereto as Exhibit "2" are true and correct copies of all additional and other discovery and papers served by or upon

Defendant in this action, including Defendant Auto-Owners' first request for admission and Plaintiff's responses thereto, Defendant's first interrogatories and Plaintiff's answers thereto, and Defendant's first request for production and Plaintiff's responses thereto. Exhibits "1" and "2" contain true and correct copies of all process, pleadings, orders and other papers served or purported to be served upon the Defendant in this action, and are made a part hereof in accordance with 28 U.S.C. §1446(a).

3.     In his complaint Plaintiff attempts to state causes of actions for breach of contract (Count I), specific performance (Count II), and bad faith (Count III). The gravamen of Plaintiff's action arises out of an alleged failure to perform/pay under an insurance policy issued by Auto-Owners Insurance Company of a claim allegedly caused by hurricane Ivan.

4.     According to Plaintiff's complaint, Plaintiff sought judgment in the amount of Fifty Thousand Dollars ($50,000.00) for compensatory and punitive damages plus interest and costs, said amount being less than the jurisdictional minimum required for federal court removal jurisdiction. (Complaint at ¶ 18 and 25). Therefore, the case stated by Plaintiff's initial pleading was not removable. See, 28 U.S.C. §1332(a) and 28 U.S.C. §1446(b). This action was commenced on July 1, 2005; therefore, removal of this action is not precluded by 28 U.S.C. §1446(b).

5.     On August 18, 2005, Defendant, Auto-Owners Insurance Company, by and through the undersigned counsel, served its answer to Plaintiff's complaint and also served Defendant Auto-Owners Insurance Company's first request for admission of facts, first interrogatories and first request for production to Plaintiff. See, Exhibit "2". In said requests for admission of facts and other discovery to Plaintiff, Horace Beagles, Defendant, Auto-Owners Insurance Company, sought to establish that Plaintiff, Horace

2

Beagles, in fact, intended to limit his recovery to a total sum of less than $75,000.00, exclusive of interest and costs, and below the jurisdictional minimum for removal jurisdiction to this Honorable Court.

6.      Plaintiff, Horace Beagles, served Plaintiff's answers to Defendant's interrogatories and Plaintiff's responses to Defendant's requests for admission on or about September 16, 2005, wherein Plaintiff denies that his recovery is limited to an amount below the jurisdictional minimum of this Honorable Court for removal jurisdiction. See, Exhibit "2".    Said papers were received by counsel for Defendant on September 19, 2005. A copy of the Plaintiff's Notice of Service of said discovery documents (i.e., answers to interrogatories, responses to request for production and responses to request for admissions) dated September 16, 2005, is attached as part of Exhibit "1".

7.      This notice of removal is filed within thirty (30) days of Defendant Auto-Owners Insurance Company's receipt on September 19, 2005, of Plaintiff's responses to requests for admission and other discovery responses constituting Defendant's first receipt by the Defendant of a copy of any amended pleading, motion, order or other paper from which it might first be ascertained that the case is one which is or has become removable pursuant to 28 U.S.C. §1446(b).

8.      Pursuant to 28 U.S.C. § 1446(b), Defendant has thirty days from "the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." to remove a case. Section 1446(b) further provides that "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first

3

be ascertained that the case is one which is or has become removable...."

9.      This notice of removal is filed within 30 days after Defendant, Auto-Owners Insurance Company, received Plaintiff's responses to Defendant's first request for admission, and other discovery responses from which it could first be ascertained that this action is or has become reasonable; therefore, this removal is timely filed pursuant to 28 U.S.C. §1446(b).

10.     This action is hereby removed by Defendant from the Circuit Court of Geneva County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division, as the district court of the United States for the district and division embracing the place where such action was pending. See, 28 U.S.C. §81(b)(2) and 28 U.S.C. §1446(a). Thus, venue is proper in the United States District Court for the Middle District of Alabama, Southern Division.

## FEDERAL DIVERSITY JURISDICTION

### COMPLETE DIVERSITY

11.     Plaintiff, Horace Beagles, is a resident citizen of Geneva County, Alabama and over the age of nineteen years. (Complaint, ¶ 1). Thus, Plaintiff is for diversity purposes a resident citizen of the State of Alabama. Defendant Auto-Owners Insurance Company, is incorporated and organized in the State of Michigan with its principal place of business in Lansing, Michigan. Auto-Owners Insurance Company is not organized or incorporated in the State of Alabama and it does not have its principal place of business in the State of Alabama. Plaintiff has also named numerous fictitious defendants in his complaint; however, for purposes of removal, the citizenship of defendants sued under

4

fictitious names shall be disregarded pursuant to 28 U.S.C. §1441(a). Therefore, there is complete diversity between Plaintiff and Auto-Owners Insurance Company pursuant to 28 U.S.C. §1332(a)(1).

## AMOUNT IN CONTROVERSY

12. This case involves an unusual removal situation. The general federal rule has been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith. See, Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961). In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938) the Supreme Court applied the legal certainty test to cases removed from state court where the state court complaint stated a sum certain in excess of the jurisdictional amount. See, Fitzgerald v. Besam Automated Entrance Systems, 282 F. Supp. 2d 1309, 1313 (S. D. Ala. 2003). Conversely, the defendant has been held to have the burden of proving jurisdiction in the situation where the complaint in the removed state court action sought recovery of a specific amount of damages below the jurisdictional minimum. See, Burns v. Windsor, 31 F. 3rd 1092 (11th Cir. 1994). The reasoning for placing the burden on Defendant in those circumstances where the state court complaint contains a specific demand was stated in Fitzgerald v. Besam Automated Entrance Systems, 282 F. Supp. 2d 1309, 1313-1314 (S. D. Ala. 2003) as follows:

> The Burns court reasoned that deference should be given to the statement of damages set forth in a complaint signed by counsel because an attorney 'always has a duty of candor to the tribunal' and 'the duty of diligently researching his client's case'. Id. Representations regarding damages 'have important legal consequences' and, therefore, raise 'significant ethical implications' for counsel as an officer of the court. Id.

5

> Because a defendant seeking removal of a state court
> complaint requesting a sum certain below a jurisdictional
> amount is 'essentially argu[ing] that opposing counsel is falsely
> assessing the case or in incompetently doing so[,]' the burden
> upon the defendant is heavy, requiring proof 'to a legal
> certainty that the Plaintiff's claim must exceed [the
> jurisdictional minimum].' Id.

Fitzgerald v. Besam Automated Entrance Systems, 282 F. Supp. 2d 1309, 1313-1314 (S.

D. Ala. 2003). Federal courts have also discussed circumstances falling between St. Paul,

supra and Burns, supra, such as where the Plaintiff has asserted no specific amount of

damages in the state court complaint. See, Fitzgerald v. Besam Automated Entrance

Systems, 282 F. Supp. 2d 1309, 1314 (S. D. Ala. 2003). When the state court complaint

is indeterminate, then an intermediate burden is placed upon the removing defendant since

there is no representation by plaintiff's counsel that would be entitled to deference.

Generally, if the sum demanded in the complaint is above the jurisdictional minimum, a

defendant's burden is light because it is unlikely that a plaintiff will falsely plead an amount

that might result in removal from his chosen forum. Id. On the other hand, if the sum

demanded is below the jurisdictional minimum, defendant's burden is heavy because it is

presumed that plaintiff's counsel understands the implications of his representations and

'is engaging in no deception'. Id. at 1314, citing, Burns, supra at 1095.

In Fitzgerald, supra, the U.S. District Court for the Southern District of Alabama

found that no deference was due to plaintiff's state court complaint because the element

of good faith was absent. Fitzgerald, 282 F. Supp. 2d at 1314. In Fitzgerald, after invoking

the court's diversity jurisdiction in a separate action claiming damages in excess of

$250,000.00, plaintiffs filed an underlying state court complaint asserting that damages for

the same injuries were no more than $74,500.00. Fitzgerald, 282 F. Supp. 2d at 1315.

6

The court concluded that because the two contrary assertions could not be reconciled, the plaintiff's allegations regarding the amount in controversy were not made in good faith and plaintiff's statement of damages was entitled to no deference, and defendant's burden of proving the amount in controversy was light.  Id.  The court in Fitzgerald stated that the amount in controversy cannot be both greater than $75,000.00 and $75,000.00 or less based on the same facts, injuries and damages.  Id. at 1314.  The Court in Fitzgerald further stated that "plaintiffs cannot be permitted to benefit from their disingenuous assertions[,] and [t]o require defendants to prove to a legal certainty, or even by a preponderance of the evidence, that plaintiff's recovery could not be less than $75,000.00 would be unreasonable when plaintiffs themselves have represented the amount in controversy to be far greater."  Id. at 1315. The Court in Fitzgerald, therefore, imposed the most lenient burden of proof upon the removing defendant. Id. As stated above, the Court in Fitzgerald found that under those circumstances the plaintiff's statement of damages was entitled to no deference and the defendant's burden of proving the amount in controversy was light, and that defendants met their burden of proving jurisdiction because the evidence presented demonstrated a possibility that plaintiffs could recover more than $75,000.00.  Id.

13.  In this case Plaintiff's complaint contained a demand of $50,000.00 compensatory and punitive damages plus interest and costs.  In response to Defendant's requests for admission of facts to Plaintiff, however, Plaintiff denied having "demanded in his complaint the sum of not more than $50,000.00, excluding interest and costs."  Plaintiff also denied in responses to requests for admission that the amount in controversy does not exceed the sum of $75,000.00, exclusive of interest and costs, and has refused to

7

admit that this case does not satisfy the amount in controversy requirements of 28 U.S.C. §1332. Plaintiff has failed in his responses to Defendant's requests for admission and other discovery to limit the amount he is seeking for his alleged damages to the amount in his prayer for relief contained in his complaint which is less than the jurisdictional minimum of this Court. Plaintiff has also now answered interrogatories stating that Plaintiff seeks $50,000.00 compensatory damages, plus punitive damages to be determined by the jury. See, Plaintiff's Answer to Defendant's Interrogatory Number 12. Because the Plaintiff herein has made contrary assertions regarding the amount in controversy and Plaintiff refuses to limit his recovery to the amount of $75,000.00, exclusive of interest and costs, the burden on the removing Defendant, as in Fitzgerald, is light and is met by demonstrating a possibility that Plaintiff could recover more than $75,000.00. See, Fitzgerald, supra, 282 F. Supp. 2d at 1315.

14.    The Plaintiff's responses to requests for admission and answers to interrogatories constitute an admission or statement by Plaintiff of the value of his claim, "other paper" from which it could first be ascertained Plaintiff's complaint was removable, and constitutes an amendment of his pleadings pursuant to Rule 15 to conform to the evidence. "Amount in controversy" is determined at the time of removal, and it is indisputable herein that the amount in controversy pursuant to Plaintiff's answers to interrogatories and responses to requests for admission exceeds the sum of $75,000.00, exclusive of interest and costs. See, Brown v. Cunningham Lindsey U.S., Inc., 2005 WL1126670 (M.D. Fla. 2005) (district courts may consider post-removal evidence when necessary so long as that evidence is relevant to the amount in controversy at the time of removal).

15.    In a case similar to Fitzgerald v. Besam, supra, and also analogous to the facts of this case, the United States District Court for the Middle District of Florida addressed similar removal issues in Field v. National Life Ins. Co., 2001 WL 77101 (M.D. Fla. 2001). In Field, the Plaintiff's complaint stated that it was "an action for damages that exceed $15,000.00, exclusive of interest, costs and attorney's fees." Id. at p. 1. Subsequently, the Plaintiff answered interrogatories propounded by the Defendant which demonstrated the amount in controversy exceeded the sum of $75,000.00, exclusive of interest and costs.  In holding that removal was timely, the Court cited in Field with approval 'the preferred approach' for a defendant seeking removal set forth by a Mississippi federal court in McClain v. American International Recovery, 1 F. Supp. 2d 628 (S. D. Miss. 1998) wherein the Court stated:

> When a plaintiff has pleaded damages below $75,000.00 and defense counsel believes that the damages are in excess of $75,000.00, the defendant can have the case properly removed by utilizing state court discovery procedures. Specifically, the defense lawyer can have the plaintiff admit through a deposition, an interrogatory, or a request for admission that his damages do not exceed $75,000.00. If the plaintiff denies this request, the case can be removed and this discovery response should be filed in the record.  The discovery response will constitute 'other paper' that affirmatively shows that the jurisdictional amount may be satisfied.

2001 WL 77101 at p. 8, quoting, McClain v. American International Recovery, 1 F. Supp. 2d at 631; see also, Brown v. Cunningham Lindsey U.S., Inc., 2005 WL 1126670 at p. 3 f.n. 1 (M.D. Fla. 2005).  In Field, supra, the Court held that plaintiff's answers to defendant's interrogatories qualified as an 'other paper' so as to trigger the removal provisions of §1446(b) and that the removal of the action was timely and complied with the

9

mandates of §1446(b) because the action was removed within 30 days of defendant's receipt of plaintiff's answers. See, Field, 2001 WL 77101 at p. 7. As in Fitzgerald, supra, Field, supra, and Brown, supra, Defendant's removal is timely and the amount in controversy requirements have been met.

16.     There are no statutory caps of less than $75,000.00 on compensatory and punitive damages for which the Plaintiff seeks recovery. The Alabama Supreme Court has upheld awards for this type of injury in an amount exceeding $75,000.00.     See, Delchamps, Inc., v. Bryant, 738 So. 2d 824 (Ala. 1999) (an award of $100,000.00 affirmed as damages for emotional distress in a malicious prosecution case).   In this case the Plaintiff is claiming damages for compensatory damages including damages for mental anguish and emotional distress, as well as punitive damages. Punitive damage awards well in excess of the minimum jurisdictional amount are also routinely upheld. See, e.g. Chrysler Corp., v. Shiffer, 736 So. 2d 538 (Ala. 1999) (punitive damage award reduced to $150,000.00 in a fraud action involving an allegedly new pick-up truck); USA Petroleum Corp., v. Hines, 770 So. 2d 589 (Ala. 1999) (punitive damages award of $200,000.00 sustained in an assault and battery case). Union Security Life Insurance Company v. Crocker, 727 So. 2d 1 (Ala. 1998) (five million dollar jury verdict reduced on appeal to two million dollars in a case where a loan officer had duty to disclose an insurance policy's benefits may not be paid if the applicant had health problems); Travelers Indemnity Co. of Ill. v. Griver, 809 So. 2d 808 (Ala. 2001) (jury verdict of $200,000.00 compensatory damages and $500,000.00 punitive damages upheld in an employee's case alleging fraud by a worker's compensation insurer). Moreover, Alabama law only caps punitive damage awards against companies such as Auto-Owners at the greater of $500,000.00 or three

times the compensatory damages. See, §6-11-21, Code of Alabama, 1975. Plaintiff, in response to requests for admission has denied he seeks less than the jurisdictional minimum. See, Plaintiff's Responses 3-13 to Defendant's Requests for Admissions. In answers to interrogatories, Plaintiff has also stated he seeks $50,000.00 compensatory damages plus punitive damages to be determined by the jury. See, Plaintiff's Answer to Defendant's Interrogatory Number 12. Thus, under the papers served by Plaintiff on September 16, 2005 and received by counsel for Defendant on September 19, 2005, and the facts and pleadings before the Court, the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

17.    There is complete diversity of citizenship between the parties, and this Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. §1332.

18.    A copy of this notice of removal is being served upon all counsel of record.

19.    A true and correct copy of this notice of removal is being filed with the Circuit Court of Geneva County, Alabama. A copy of the notice of filing of notice of removal being filed with the Circuit Court of Geneva County, Alabama is attached hereto as Exhibit "3".

20.    By filing this notice of removal, this defendant does not waive any defense that may be available to the defendant.

21.    A copy of all pleadings served upon this defendant have been attached to the original notice of removal.

**WHEREFORE**, Defendant Auto-Owners Insurance Company files this notice of removal so as to effect the removal of this action from the Circuit Court of Geneva County, Alabama, to this court. This defendant prays this Honorable Court will make such other

11

orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Defendant, Auto-Owners Insurance Company, further prays that the removal of this cause to this court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Geneva County, Alabama.

Dated this the __11th__ day of __October_____, 2005.

_____
ROGER S. MORROW (MOR032)

_____
JOEL H. PEARSON(PEA019)
**Attorneys for Defendant**
**Auto-Owners Insurance Company**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P. C.**
**122 South Hull Street**
**P. O. Box 4804**
**Montgomery, Alabama 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:   (334) 262-7742**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the __11th__ day of __October_____, 2005.

Hon. David J. Harrison
600 W. Magnolia Avenue
P.O. Box 994
Geneva, AL 36340

_____
OF COUNSEL

12