**FILED IN OFFICE**

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

AUG 1 8 2005

*Dale Ray*
**CLERK**

| | | |
|---|---|---|
| HORACE BEAGLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV-05-96 |
| | ) | |
| AUTO-OWNERS INSURANCE | ) | JURY TRIAL DEMANDED. |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF DEFENDANT AUTO-OWNERS INSURANCE COMPANY

**COMES NOW** the Defendant, Auto-Owners Insurance Company, incorrectly or incompletely known as Auto-Owners Insurance, and answers Plaintiff's Complaint as follows:

### RESPONSES TO ALLEGATIONS OF COMPLAINT

### (Jurisdiction)

1.    In response to paragraph 1 of the Complaint, Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners Insurance") has insufficient information upon which to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore denies said allegations and demands strict proof thereof.

2.    In response to paragraph 2 of the Complaint, Defendant Auto-Owners Insurance admits that it is a mutual insurance company formed under the laws of the State of Michigan and that it is an insurance company otherwise licensed to do business in the State of Alabama.

3.    Defendant Auto-Owners Insurance has insufficient information upon which to admit or deny the allegations contained in paragraph 3 of the Complaint; therefore, Defendant denies said allegations and demands strict proof thereof.

*96*

**(Statement of Facts)**

4.    In response to paragraph 4 of the Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Complaint contained in paragraphs 1 through 3 of this Answer as if fully set out herein.

5.    In response to paragraph 5 of the Complaint, Defendant Auto-Owners Insurance admits it issued a homeowners insurance policy to Plaintiff Beagles, with a policy period commencing on August 8, 2004 and expiring on August 8, 2005.

6.    In response to paragraph 6 of the Complaint, Defendant Auto-Owners Insurance admits that Plaintiff's home sustained some damage as a result of Hurricane Ivan and payment for said damage was either paid or tendered.

7.    In response to paragraph 7 of the Complaint, Defendant Auto-Owners Insurance admits that Plaintiff's roof sustained some damage as a result of Hurricane Ivan and payment for said damage was either paid or tendered.  Defendant Auto-Owners Insurance otherwise denies the allegations contained in paragraph 7 of the Complaint and demands strict proof thereof.

8.    In response to paragraph 8 of the Complaint, Defendant Auto-Owners Insurance admits that the interior of Plaintiff's home sustained some damage as a result of Hurricane Ivan and payment for said damage was either paid or tendered.

9.    In response to paragraph 9 of the Complaint, Defendant Auto-Owners Insurance admits that the interior of Plaintiff's home sustained some damage as a result of Hurricane Ivan and payment for said damage was either paid or tendered.

10.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 10 of the Complaint and demands strict proof thereof.

2

11.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

12.    In response to paragraph 12 of the Complaint, Defendant Auto-Owners Insurance admits that it had one or more adjusters and engineers inspect Plaintiff's property on more than one occasion.

### (Count I - Breach of Contract)

13.    In response to paragraph 13 of the Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Complaint contained in paragraphs 1 through 12 of this Answer as if fully set out herein.

14.    In response to paragraph 14 of the Complaint, Defendant Auto-Owners Insurance admits that it issued a homeowners insurance policy to Plaintiff Beagles, with a policy period commencing August 8, 2004 and ending August 8, 2005, and that the policy provided coverage as defined and expressly limited in the terms, conditions and exclusions of the policy.    Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 14 of the Complaint and demands strict proof thereof.

15.    In response to paragraph 15 of the Complaint, Defendant Auto-Owners Insurance admits premiums were paid on the insurance policy at issue but denies that there otherwise has been complete fulfillment of the contract by Plaintiff.

16.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 16 of the Complaint and demands strict proof thereof.

17.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 17 of the Complaint and demands strict proof thereof.

3

116

18.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

### (Count II - Specific Performance)

19.    In response to paragraph 19 of the Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Complaint contained in paragraphs 1 through 18 of this Answer as if fully set out herein.

20.    In response to paragraph 20 of the Complaint, Defendant Auto-Owners Insurance admits that it issued a homeowners insurance policy to Plaintiff Beagles, with a policy period commencing August 8, 2004 and ending August 8, 2005, and that the policy provided coverage as defined and expressly limited in the terms, conditions, limitations and exclusions of the policy.   Defendant Auto-Owners Insurance denies the remaining allegations contained in paragraph 20 of the Complaint and demands strict proof thereof.

21.    In response to paragraph 21 of the Complaint, Defendant Auto-Owners Insurance admits payment of premiums by Plaintiff.  Defendant Auto-Owners Insurance denies the remaining allegations of paragraph 21 and demands strict proof thereof.

22.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 22 of the Complaint and demands strict proof thereof.

### (Count III - Bad Faith)

23.    In response to paragraph 23 of the Complaint, Defendant Auto-Owners Insurance adopts and incorporates herein by reference the responses to the Complaint contained in paragraphs 1 through 22 of this Answer as if fully set out herein.

4

24.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

25.    Defendant Auto-Owners Insurance denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

### (General Denial)

26.    Defendant Auto-Owners Insurance denies each and every material allegation and damage alleged or claimed in the Complaint which is not expressly admitted in this Answer and demands strict proof thereof.  Defendant Auto-Owners Insurance denies that Plaintiff is entitled to recover any damages or relief whatsoever.

### AFFIRMATIVE DEFENSES

27.    Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief can be granted.

28.    Defendant Auto-Owners Insurance pleads the equitable defense of estoppel.

29.    Defendant Auto-Owners Insurance avers that all claims of Plaintiff are barred by the statute of frauds and/or on the grounds that all terms, conditions, limitations and exclusions  of the policy were in writing and that Plaintiff had a duty to read the terms, conditions, limitations and exclusions of the policy and that such terms, conditions, limitations and exclusions of the policy prohibit Plaintiff from recovery and prohibit Plaintiff from going outside the four corners of the insurance policy and declarations.

30.    Defendant Auto-Owners Insurance denies that it is in any way guilty of any type of bad faith conduct.  Defendant Auto-Owners Insurance avers that it has paid or submitted all amounts due under the insurance policy at issue for the loss at issue.

Defendant Auto-Owners Insurance further avers and alleges that it has fully investigated all claims submitted by Plaintiff and that proper payment has either been made or tendered to the Plaintiff in this claim.

31.    Defendant Auto-Owners Insurance denies that Plaintiff is entitled to specific performance under the insurance contract. Defendant Auto-Owners Insurance avers that the insurance contract in question is not subject to specific performance and that Plaintiff has failed to meet its burdens of proof and/or the conditions contained in the policy requiring any additional payment by Auto-Owners Insurance.

32.    Defendant Auto-Owners Insurance avers that Plaintiff is not entitled to equitable relief under the doctrine of unclean hands and on the grounds that Plaintiff is seeking damages and payments that Plaintiff is not entitled to under the policy at issue.

33.    Defendant Auto-Owners Insurance denies that it breached a contract of insurance with Plaintiff.

34.    Defendant Auto-Owners Insurance asserts as a defense to Plaintiff's action all terms, conditions, limitations and the entire contents of the Policy (hereby adopted by reference), which was in force insuring the Plaintiff at the times material to this action.

35.    Defendant Auto-Owners Insurance asserts as a defense to the claims of Plaintiff the terms, conditions, limitations and entire contents of the Policy at issue in this case which is hereby adopted by reference.

36.    Defendant Auto-Owners Insurance avers that Plaintiff has failed to meet conditions precedent to payment under the terms of the Auto-Owners Company policy at issue.

14 G

37.    Defendant Auto-Owners Insurance avers that Plaintiff has been paid or offered payment in full for all damages that Plaintiff is entitled to under the policy at issue for the hurricane damage at issue. Defendant Auto-Owners Insurance therefore pleads contract completion, accord and satisfaction and payment in full as complete defenses to Plaintiff's claim.

38.    Defendant Auto-Owners Insurance avers that all claims of Plaintiff, separately and severally, are barred by the applicable Alabama statute of limitations.

39.    Defendant Auto-Owners Insurance avers that Plaintiff's claims are barred and/or reduced by Plaintiff's failure to mitigate his damages as required by law.

40.    Defendant Auto-Owners Insurance avers that it was justified in denying part or all of Plaintiff's claim for payment.

41.    Defendant Auto-Owners Insurance avers and alleges as a defense to this action that Plaintiff's own negligence contributed to cause his alleged injury. Defendant Auto-Owners therefore pleads the affirmative defense of contributory negligence.

42.    Defendant Auto-Owners Insurance asserts as a defense that Plaintiff assumed the risk of the injuries and damages that he allegedly sustained. Defendant Auto-Owners asserts the affirmative defense of assumption of risk.

43.    Defendant Auto-Owners Insurance avers that Plaintiff cannot prove reasonable reliance.

44.    Defendant Auto-Owners Insurance avers that its actions and conduct were justifiable and reasonable.

45.    Defendant Auto-Owners Insurance and/or its agents or employees made no actionable representations to Plaintiff.

7

46.    Defendant Auto-Owners Insurance denies that it is guilty of fraud, bad faith, oppression, malice, negligence and/or wanton conduct.

47.    Defendant Auto-Owners Insurance pleads the equitable defense of estoppel.

48.    Defendant Auto-Owners Insurance avers and alleges that damages for mental anguish are not recoverable in this action by Plaintiff.  Defendant Auto-Owners Insurance avers that Plaintiff was not in the "zone of danger" for the recovery of damages for mental anguish.

49.    Defendant Auto-Owners Insurance denies that Plaintiff can recover the items and amounts of damages alleged in the Complaint.  Defendant Auto-Owners Insurance demands strict proof thereof.

50.    Defendant Auto-Owners Insurance avers that Plaintiff is not entitled to recover punitive damages from Defendant pursuant to the facts as alleged in Plaintiff's Complaint.

51.    Defendant Auto-Owners Insurance avers that the invitation for a court or jury to impose liability on Defendant Auto-Owners Insurance for punitive damages without guidelines or standards for determination of the amount or proper circumstances for such an award would deny Defendant Auto-Owners Insurance due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

52.    The claim of Plaintiff for punitive damages against Defendant Auto-Owners Insurance is barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

53.    Imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

(a)    The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant.

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(e)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(f)    The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

(g)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

(h)    The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review for the amount of punitive damages.

176

(I)     The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(j)     An award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

(k)     An award of punitive damages under the circumstances of this case would contravene the constitutional prohibition against vague and overboard laws.

(l)     Plaintiff's claims for recovery against this defendant contravene this defendant's rights under the constitutional provisions and standards set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001); and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

54.     Imposition of punitive damages in this case against Defendant Auto-Owners Insurance would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on Interstate Commerce.

55.     Defendant Auto-Owners Insurance asserts as a defense to Plaintiff's claim for punitive damages the provisions of §6-11-27(a), *Code of Alabama of 1975*.

56.     An award of punitive damages in this case, by which the jury seeks to regulate the conduct of the insurance business of Defendant Auto-Owners Insurance, is violative of the due process rights secured to Defendant Auto-Owners Insurance by the Constitution of the United States of America and by the State of Alabama in that such an award usurps the regulatory function assigned to the Insurance Department of the State

of Alabama and fails to give fair notice to Defendant Auto-Owners Insurance of what conduct will be considered illegal.

57.    Defendant Auto-Owners Insurance asserts as a defense and limitation to Plaintiff's claim for punitive damages all tort reform provisions of the Alabama Tort Reform Statutes, §§ 6-11-1, *et seq.* of the *Code of Alabama of 1975*, including but not limited to § 6-11-20, § 6-11-21, § 6-11-22, § 6-11-23, § 6-11-24, § 6-11-25, § 6-11-27, and § 6-11-28. Auto-Owners specifically avers that the punitive damages legislation set forth in §6-11-21, *Code of Alabama* (1975) is applicable to this case and more specifically referred to as the statutory provision applying caps to punitive damages.

58.    An award of punitive damages in this case, by which the jury seeks to regulate the conduct of the insurance business of Defendant Auto-Owners Insurance, is violative of the due process rights secured to Defendant Auto-Owners Insurance by the Constitution of the United States of America and by the State of Alabama in that such an award usurps the regulatory function assigned to the Insurance Department of the State of Alabama and fails to give fair notice to Defendant Auto-Owners Insurance of what conduct will be considered illegal.

59.    Defendant Auto-Owners Insurance denies that it was guilty of the type conduct required for the imposition of punitive damages under Alabama law. Auto-Owners demands clear and convincing evidence of such wrongful conduct.

60.    The Complaint fails to state a claim for punitive damages upon which relief can be granted.

61.    Plaintiff cannot recover punitive damages against Defendant Auto-Owners Insurance because such an award, which is penal in nature, would violate Defendant's

*196*

constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States unless Auto-Owners Insurance is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of any incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

62.     Subjecting Defendant Auto-Owners Insurance to punitive damages, or affirming an award of punitive damages against Defendant Auto-Owners Insurance in this case, would amount to and constitute a denial of due process as afforded by the Due Process clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

(a)     any award of punitive damages against Defendant Auto-Owners Insurance under the evidence in this case would necessarily be based upon an evidentiary standard less than a standard of proof beyond a reasonable doubt;

(b)     there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c)     an award of punitive damages should not be permitted to be assessed against Defendant Auto-Owners Insurance for unauthorized acts of an agent or agents without any additional requirement of knowledge or fault on the part of Defendant Auto-Owners Insurance;

(d)    an award of punitive damages should not be permitted to be assessed against Defendant Auto-Owners Insurance vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant Auto-Owners Insurance;

(e)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant Auto-Owners Insurance;

(f)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(g)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(h)    an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant Auto-Owners Insurance without due process of law.

63.    The claim of the Plaintiff for punitive damages against Defendant Auto-Owners Insurance is barred by the Fourteenth Amendment to the United State Constitution and by the Alabama Constitution.

64.    Imposition of punitive damages in this case against Defendant Auto-Owners Insurance would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

65.    To award punitive damages against Defendant Auto-Owners Insurance in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

66.    To award punitive damages against Defendant Auto-Owners Insurance in this case would violate the Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

67.    Plaintiff's Complaint seeks to make Defendant Auto-Owners liable for punitive damages.  Defendant Auto-Owners Insurance adopts by reference the defenses, criteria, limitations and standards mandated by the Supreme Court of the United States in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001); and State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003).

68.    The demand for punitive damages in this case is subject to those limitations established by the Alabama legislature and set forth in Section 6-11-21, Code of Alabama.

69.    If multiple punitive damage awards were assessed against Defendant Auto-Owners Insurance, it would violate the Constitutions of the United States and the State of Alabama, violating Defendant Auto-Owners Insurance's rights to due process and to a jury trial violating Defendant Auto-Owners Insurance's right against double jeopardy.

70.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant Auto-Owners Insurance is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United

States Constitution, and Article I, §§ 1, 6 and 22 of the Alabama Constitution, separately and severally.

71.    Plaintiff's claim for punitive damages violates the rights of Defendant Auto-Owners Insurance to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in <u>Hammond v. City of Gadsden</u> and <u>Green Oil Company v. Hornsby</u> is unconstitutionally vague and inadequate in the following respects:

a.    The <u>Hammond</u> and <u>Green Oil</u> procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

b.    The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant Auto-Owners;

c.    The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

d.    The <u>Hammond</u> and <u>Green Oil</u> procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

e.    This procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

f.    The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

15

23 G

72.    If multiple punitive damage awards were assessed against Defendant Auto-Owners Insurance in different jurisdictions, or in the same jurisdiction, it would violate the Constitutions of the United States and the State of Alabama, violating Defendant Auto-Owners Insurance's rights to due process and to a jury trial and violating Defendant Auto-Owners Insurance's right against double jeopardy.

73.    If punitive damages were assessed against Defendant Auto-Owners Insurance for conduct or events allegedly occurring in states other than the forum state, Defendant Auto-Owners Insurance would be denied due process law, the right to trial by jury and the right against double jeopardy under the Constitution of the United States and the State of Alabama.

74.    The imposition of punitive damages sought by plaintiff violates Defendant Auto-Owners's right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a)    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that make punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

16



(b)    Defendant Auto-Owners Insurance had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant Auto-Owners Insurance to punitive damages or as to the potential amount of such an award.

(c)    Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

(d)    Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e)    No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc., v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), Pacific Mutual Life Insurance Company v. Haslip, 499 U.S. 1 (1990), State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S.Ct. 1513 (2003) and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

(f)    Alabama law and the Alabama punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

17

*25G*

(g)    Under Alabama law and the Alabama punitive damage scheme, there is no limit on the number of times Defendant Auto-Owners could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

75.    The net effect of Alabama's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner.  The lack of adequate guidelines or review inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose of interest.  As a result, the federal (U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

76.    Insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Alabama law for conduct in other states, the award violates: (a) Defendant Auto-Owners Insurance's rights to due process and due process of law under the Fourteenth Amendment of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

77.    As concerns all claims for punitive damages, Defendant Auto-Owners Insurance avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of

18

Alabama. This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

78.    Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

79.    Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

80.    Defendant Auto-Owners Insurance affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases.  Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

81.    Defendant Auto-Owners Insurance asserts the following constitutional challenges and defenses to Plaintiff's claims for punitive damages and/or damages for mental anguish.

(a)    Imposition of punitive damages and/or damages for mental anguish would violate the due process clauses of the United States Constitution and of the Alabama Constitution.

(b)    The procedure and methods asserted for awarding punitive damages and/or damages for mental anguish in this case violate the due process clause of the United States Constitution and the due process clause of the Constitution of the State of Alabama.

(c)    The claims of Plaintiff for punitive damages and/or damages for mental anguish against Defendant Auto-Owners Insurance cannot be sustained, because an award of damages under Alabama law subject to no pre-determined limit, such as a maximum multiple of other compensatory damages or a maximum amount on the amount of damages that a jury may impose, would violate Defendant Auto-Owners Insurance's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution

and by the due process provisions of the Alabama Constitution.

(d)    The claims of Plaintiff for punitive damages and/or damages for mental anguish against Defendant Auto-Owners Insurance cannot be sustained because an award of damages under Alabama law by a jury: (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of this Defendant Auto-Owners (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, and would thereby violate Defendant Auto-Owners Insurance's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

(e)    The claim of Plaintiff for punitive damages and/or mental anguish against Defendant Auto-Owners Insurance cannot be sustained, because an award of damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Defendant Auto-Owners Insurance's due process rights guaranteed by the Fourteenth Amendment to the United

States Constitution and by the due process provisions of the Alabama Constitution.

(f)    The claims of Plaintiff for punitive damages and/or mental anguish against Defendant Auto-Owners Insurance cannot be sustained, because an award of damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant Auto-Owners's due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

(g)    Any award of punitive damages based on anything other than Defendant Auto-Owners Insurance's conduct in connection with the sale of the specific product that is the subject of this case would violate the due process clause as incorporated into the Fourteenth Amendment and the Alabama Constitution's provisions providing for due process and guaranty against double jeopardy, because any other judgment for damages in this case cannot protect Defendant Auto-Owners against impermissible multiple punishment for the same wrong.

82.    The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective, standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the due process clause of the Fourteenth Amendment

22



of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same or similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the Unites States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the Unites States Constitution.

83.    The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against these Defendants, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award for such damages, and, it constitutes a deprivation of property without the due process of the law.

84.    Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, *Alabama Code*, 1975. This defense is intended to challenge the ruling stated in <u>Henderson v. Alabama Power Co.</u>, 627 So. 2d 878 (Ala. 1993).

85.    Any and all claims for punitive damages in this action are limited in the amount by application of <u>Ala. Code</u> §6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00. See also <u>Oliver v. Towns</u>, 738 So. 2d 789 (Ala. 1999), affirmed following remand 770 So. 2d 1059 (Ala. 200).

86.    The holding of <u>Henderson v. Alabama Power Co.</u>, 627 So. 2d 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to <u>Goodyear Tie & Rubber Co. v. Vinson</u>, 749 So. 2d 393 (Ala. 1999),

23

and supporting authority cited therein, which are adopted by reference as if it was set forth herein.

87.    The doctrine of revival dictates that upon the overruling of <u>Henderson</u>, the $250,000.00 cap provided by <u>Ala. Code</u>, §6-11-21 (1975), is applicable to this case which was filed after that applicable section was enacted.

88.    Defendant Auto-Owners Insurance adopts by reference and incorporates herein all affirmative defenses plead by any other defendant in this action which may be applicable to this Defendant.

89.    At the time of the filing of this Answer, discovery is not yet complete; therefore, Defendant Auto-Owners Insurance reserves the right to supplement its Answer, consistent with all applicable orders of the Court, to assert such other defenses as may be revealed in discovery.

**WHEREFORE, THESE PREMISES CONSIDERED,** Defendant Auto-Owners Insurance Company demands judgment be entered in its favor and that Plaintiff's Complaint be dismissed with prejudice and that all costs of these proceedings including a reasonable attorney's fee be assessed against the Plaintiff.

Dated this the _17th_ day of _August_____, 2005.


ROGER S. MORROW (MOR032)


JOEL H. PEARSON(PEA019)
**Attorneys for Defendant**
**Auto-Owners Insurance Company**

24

OF COUNSEL:

**MORROW, ROMINE & PEARSON, P. C.**
**122 South Hull Street**
**P. O. Box 4804**
**Montgomery, Alabama 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:   (334) 262-7742**


### DEFENDANT HEREBY DEMANDS A TRIAL BY A STRUCK JURY.

*Roger A. Morrow*

**OF COUNSEL**


## CERTIFICATE OF SERVICE

I hereby certify that I have on this date mailed a true and correct copy of the foregoing to the following parties of record via facsimile and at their proper mailing addresses, by depositing a copy of the same in the United States Mail, First Class, postage prepaid and affixed thereto; this _17th_ day of ___August___, 2005:

Hon. David J. Harrison
600 W. Magnolia Avenue
P.O. Box 994
Geneva, AL 36340
(Fax No.: 334-684-8729)

*Roger A. Morrow*

**OF COUNSEL**